## Paducah Home Telephone & Telegraph Company v. Carmen.

(Decided March 9, 1926.)

## Appeal from McCracken Circuit Court.

Telegraphs and Telephones—Instruction on Negligence in Maintaining Rotten Telephone Pole, which Fell Across Street, Held Not Erroneous as Not Submitting Failure to Exercise Ordinary

Care.—In action for injury from colliding with rotten telephone pole, which fell across street, instruction submitting company's negligence in maintaining pole in dangerous condition held not erroneous as failing to submit company's failure to exercise ordinary care to keep pole in good condition as its legal effect was substantially the same.

MOCQUOT & BERRY for appellant.

NICHOLS & NICHOLS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment for $554.00 for personal injuries.

The evidence discloses that one of appellant's telephone poles broke on account of its rotten condition and fell across Clay street in the city of Paducah, and that appellee, who was driving a truck, ran into the pole and was thrown from his seat and injured.

The court instructed the jury, in substance, that if they believed from the evidence that appellant negligently maintained the pole in such a dangerous condition that the street was not reasonably safe for public travel, and that by reason thereof the pole fell across the street, and as the direct and natural result thereof the truck driven by appellee collided with the pole and appellee was thereby injured, they should find for appellee. It is insisted that appellant's liability should have been made to turn on whether it failed to exercise ordinary care to keep its poles in good condition, and that the instruction did not submit this issue. Doubtless it is the better practice in cases of this character to instruct as contended by appellant, but where, as here, the instruction submits the issue of negligent maintenance, and defines negligence as the failure to exercise ordinary care, its legal effect is substantially the same and it can not be said that the instruction is erroneous. Indeed, a similar instruction was approved in Burton v. Cumberland Telephone & Telegraph Company, 118 S. W. 287.

This is not a case where a pole in sound condition was suddenly knocked or thrown down and the company had no opportunity to discover that fact, but a case where the pole fell because of its rotten condition, which the exercise of ordinary care would have revealed in time to prevent the accident.

Judgment affirmed.